**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ANTHONY FAILS,**

     **Plaintiff,**

**vs.**                                                          **Case No. 4:08cv573-SPM/WCS**

**OLIVIA P. KLIEN, et al.,**

     **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff was recently ordered to submit a response which clarified and acknowledging all prior cases he had filed, and demonstrate good cause for his failure to admit to those cases in the initial complaint. Doc. 9. Plaintiff was also directed to file an amended complaint, clearly showing all prior cases filed. *Id.* Plaintiff has responded, doc. 10, and states his failure to list all cases was an honest mistake and not intentional. Plaintiff also filed his amended complaint. Doc. 11.

Review of Plaintiff's initial complaint reveals Plaintiff acknowledges having the following cases dismissed prior to service, for failure to state a claim, as frivolous, or malicious: case 3:09cv15 (failed to state a claim); 3:09cv33 (failed to state a claim); 4:08cv477 (failed to state a claim); case 4:08cv537 (Plaintiff incorrectly states this was dismissed for failure to disclose prior cases, but it has not been dismissed yet as the

report and recommendation is pending).  Doc. 11.  It is evident that Plaintiff now has

more than three cases dismissed under 28 U.S.C. § 1915(e) which will preclude his

being granted *in forma pauperis* status in the future absent allegations of being in

imminent danger of serious physical injury.  18 U.S.C. § 1915(g).  At the time Plaintiff's

*in forma pauperis* motion was granted in this case on December 24, 2008, doc. 5,

Plaintiff had not yet accumulated those three strikes.[1]

Plaintiff also lists the following cases:  3:08cv415-RV/EMT; 3:09cv33-MCR/MD;

4:08cv477-MP/WCS; 4:08cv573-SPM/WCS; 3:09cv7-LAC/EMT; 4:08cv582-RH/AK;

1:09cv19-MP/AK; 4:08cv537-SPM/WCS; 3:08cv536-LAC/EMT; 4:08cv471-MP/WCS,

and case 3:08cv535-MCR/MD.  Furthermore, Plaintiff indicates he filed case 3:08cv520,

which concerns the same or similar facts/issues which are involved in this case.[2]

Having acknowledged that this case proceeds on claims related to case 3:08cv520-

MCR/MD, which was recently dismissed on February 25, 2009, for failure to state a

claim, Plaintiff should have review his claims here and determined that this action,

similarly, fails to state a claim.

Plaintiff claims that the three named Defendants in this case, Olivia Klien, James

Watson, Jr., and John Harknes, Jr., failed to discipline the state prosecutors for

indulging in a malicious prosecution."  Doc. 11, p. 5.  Plaintiff contends there was not

---

[1] All of Plaintiff's dismissals which count as "strikes" were entered in January, February, and March of 2009.

[2] That case was initiated on November 17, 2008, and dismissed on February 25, 2009, for failing to state a claim upon which relief could be granted.  Docs. 19, 21, and 22 of that case.  In that case, Plaintiff attempted to challenge his criminal conviction for attempted sexual battery.  Those claims cannot proceed under Heck v. Humphrey, 512 U.S. 477 (1994) and were dismissed.

DNA evidence, there was a lack of probable cause, and there was insufficient evidence. *Id.*, at 5-6.  Plaintiff claims the Defendants failed to respond to his complaints and failed to discipline the attorneys who prosecuted the State's case against Plaintiff.  *Id.*  Plaintiff claims the charges should have been dismissed and he has suffered malicious prosecution.  *Id.*, at 6-7.

State law governs a § 1983 claim based on malicious prosecution.[3]  Eidson v. Arenas, 910 F. Supp. 609, 613 (M.D. Fla. 1995); Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998).  Under Florida law, to prevail in a malicious prosecution action a plaintiff must establish that:  (1) an original criminal or civil judicial proceeding was commenced against the present plaintiff; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff; (3) a bona fide termination of the original proceeding in favor of the present plaintiff; (4) an absence of probable cause for the original proceeding; (5) the presence of malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding.  Alamo Rent-A-Car, Inc. v. Mancusi, 632 So. 2d 1352, 1355 (Fla. 1994); *see also* Heck v. Humphrey, 512 U.S. 477, 484, 114 S. Ct. 2364, 2371, 129 L. Ed. 2d 383 (1994) (finding "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.").  A plaintiff's inability to satisfy any one of these six elements defeats the action.  Alamo, 632 So. 2d at 1355; Scozari v. Barone, 546 So. 2d 750, 751 (Fla. 2d DCA 1989).  Plaintiff cannot demonstrate the bona-fide termination

---

[3] The right to be free from malicious prosecution is founded upon the Fourth Amendment.  Uboh v. Reno, 141 F.3d 1000, 1003 (11th Cir. 1998).

requirement, as Plaintiff has failed to show that his conviction has been overturned.

Indeed, it is because of his conviction Plaintiff is now using this case to seek

monetary damages for his incarceration.[4]  This case must be dismissed for failure to

state a claim.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's

amended complaint, doc. 11, be **DISMISSED** for failure to state a claim upon which

relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), that all pending motions

be **DENIED**, and that the order adopting this report and recommendation direct the

Clerk of Court to note on the docket that this cause was dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on April 9, 2009.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[4] It is Plaintiff's "burden to establish that the underlying cause of action was terminated and that such termination was 'bona fide.'"  Alamo, 632 So. 2d at 1356.